10-3010-ag
Soares v. Holder

BIA
Straus, IJ
A074 916 028

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

SIMONE MARIA SOARES,

*Petitioner,*

v.                                                  10-3010-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*
_____

FOR PETITIONER:          Glenn L. Formica, New Haven,
                         Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Douglas E. Ginsburg,

**Assistant Director; Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Simone Maria Soares, a native and citizen of Brazil, seeks review of a June 28, 2010, order of the BIA affirming the October 2, 2008, decision of Immigration Judge ("IJ") Michael W. Straus pretermitting her application for asylum and denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Simone Maria Soares*, No. A074 916 028 (B.I.A. June 28, 2010), *aff'g* No. A074 916 028 (Immig. Ct. Hartford, CT Oct. 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

With respect to Soares's claim for withholding of removal,[1] the IJ found, *inter alia*, that she failed to demonstrate that the Brazilian authorities were unwilling to control the threats and harassment directed towards Soares by Marcos Geovani Bento ("Mazar"). *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that a petitioner may establish her eligibility for relief by showing that she was persecuted by "private actors who behave with impunity in the face of government reluctance to intervene"). The BIA affirmed this finding on appeal. However, Soares fails to raise this issue in her brief before this Court, and therefore abandons any challenge to the agency's dispositive determination. In any event, Soares testified before the IJ that the Brazilian police had apprehended Mazar, questioned him, and threatened him with arrest if he attempted to contact her in the future. The agency therefore did not err in denying Soares's claim for withholding of removal. *See Ivanishvili*, 433 F.3d at 342.

---

[1]Soares did not challenge the IJ's pretermission of her asylum application as untimely before the BIA, nor does she do so in her brief to this Court.

With respect to her claim for CAT relief, Soares argues that it is more likely than not that she will be tortured by Mazar with the acquiescence of the government if returned to Brazil. *See* 8 C.F.R. § 1208.18(a)(7); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("In terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."). However, as noted above, her argument is belied by the fact that the authorities in Brazil have taken concrete steps to prevent Mazar's harassment. The BIA therefore did not err in denying Soares's application for CAT relief because it reasonably determined that Soares failed to demonstrate the requisite government acquiescence. *See Khouzam*, 361 F.3d at 171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second

4

Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk